[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16398
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20584-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEOPHILUS HILIARY ALCANTARA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 8, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Theophilus Hiliary Alcantara appeals his 46-month sentence, imposed after he pled guilty to 1 count of re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Alcantara argues that his sentence was procedurally and substantively unreasonable under the factors in 18 U.S.C. § 3553(a).  As to procedural reasonableness, he argues that the district court failed to adequately explain its reasoning for denying his request for a downward variance and merely stated that it considered his mitigating arguments as to the § 3553(a) factors.  As to substantive reasonableness, he contends that the court did not properly weigh his arguments, particularly in assessing his cooperation with state authorities in a separate mortgage-fraud investigation.  He argues that the court simply "assumed" that his state sentence of probation for his role in that offense was the result of his cooperation, and, therefore, failed to give him credit against his current federal sentence for his work as an informant.  He also claims that the court did not adequately consider his age and health in imposing a sentence, as he was 66 years' old at sentencing and recently suffered a massive heart attack.  Finally, he argues that a lesser sentence would have achieved the purposes listed in § 3553(a), including reflecting the seriousness of the offense, promoting respect for the law, affording adequate deterrence, and protecting the public.

2

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). Further, the party challenging a sentence bears the burden of showing that the sentence is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). In reviewing the reasonableness of a sentence, we conduct a two-step inquiry. First, we ensure that the district court's sentence was procedurally reasonable, meaning that the court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Once the Court determines that a sentence is procedurally sound, it examines whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id*.

Substantively, the district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), which include the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A)-(C). In imposing a particular sentence, the court must also consider the nature and circumstances of

the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1), (3)-(7).

In considering the § 3553(a) factors, the sentencing court has broad discretion and may weigh one factor more heavily than others.  *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).  As the guideline range is one of many factors to be considered under § 3553(a), we have declined to hold that a within-range sentence is per se reasonable.  *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).  Nevertheless, the use of the Guidelines "remains central to the sentencing process" and we have an "ordinary expectation" that a sentence within the guideline range will be reasonable.  *Id*. at 787-88. Whether a sentence is within the guideline range or not, we reverse a sentence as unreasonable only if "left with the definite and firm conviction that the district court committed a clear error judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (quoting *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007)).

We find Alcantara's sentence procedurally and substantively reasonable. The record shows that the court adequately explained its reasoning, finding two of

4

the § 3553(a) factors particularly compelling: the nature and circumstances of the offense and the history and characteristics of the defendant, given that Alcantara was removed from the United States twice and had re-entered without permission on both occasions, and also had several prior federal and state court convictions. The court took Alcantara's arguments regarding his age, health, and cooperation with state authorities into consideration in giving him a sentence at the low end of the guideline range, but noted that those factors did not warrant a variance under § 3553(a). Further, the district court was within its discretion when it assigned a heavy weight to the nature of Alcantara's crime and his criminal history, and gave less weight to his age, health, and cooperation with the government.

**AFFIRMED.**